IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| Theresa C. FISHER, | |
| Plaintiff, | Civil No. 17-5983 (RBK/AMD) |
| v. | **OPINION** |
| Emeka IGWE and THE IGWE FIRM, P.A. | |
| Defendants. | |

**KUGLER**, United States District Judge:

This matter comes before the Court on Defendant Emeka Igwe and the Igwe Firm, P.A.'s motion to dismiss Plaintiff Theresa Fisher's complaint under Federal Rule of Civil Procedure 12(b)(6). Because Plaintiff has failed to plead causation for damages in her legal malpractice claim, Defendants' motion is **GRANTED**.

## I. THE FACTS

Under Fed. R. Civ. P. 12(b)(6), we review the sufficiency of the complaint and take the facts in the light most favorable to the plaintiff, Theresa Fisher.

The complaint begins by noting that a New Jersey Superior Court entered judgment for an arbitration award of $276,836.34 in a defamation action against Fisher on October 8, 2016. On February 19, 2016—we note the peculiar chronology of the complaint—Fisher, proceeding *pro se*, filed for Chapter 7 bankruptcy, listing Jersey College as a creditor. Jersey College then filed an adversary complaint on May 26, 2016, arguing that the $276,836.34 was nondischargeable debt under 11 U.S.C. § 523(a)(6) because it had resulted from willful and malicious injury. Fisher, still

1

proceeding *pro se*, filed an answer to the complaint on June 10, 2016. Months later, Jersey College filed a motion for summary judgment with a return date of November 29, 2016. Ultimately, the bankruptcy court, in a thorough and comprehensive opinion, found her debt was nondischargeable under § 523(a)(6). *See In re Fisher*, No. 16-12991-ABA, 2017 WL 590306 (Bankr. D.N.J. Jan. 24, 2017).

The dispute today concerns Fisher's counsel in the bankruptcy proceedings. Fisher's complaint alleges that she had retained Emeka Igwe of the Igwe Firm to represent her in the bankruptcy and adversary proceeding, paying a $5,000 retainer fee. Igwe told told Fisher that he would contact Jersey College to discuss the case, believing it to be "unjust and ludicrous." (Compl. ¶ 12.) Two days prior to a hearing for the motion for summary judgment, Igwe advised Fisher that he could not appear on her behalf, instead telling her to request a postponement. The complaint specifies that Igwe told Fisher "once the Judge sees this case, and especially if you go by yourself he will be lenient to throw this case into your bankruptcy," i.e., find the debt dischargeable. Fisher alleges she appeared *pro se* on the advice of her attorney and the judge granted a postponement. The postponement was granted because of improperly-submitted papers, and to be fair to a *pro se* defendant, the judge ordered a postponement. (*Id.* ¶ 14.) The judge permitted Jersey College to present their arguments, but because Fisher was not prepared to do the same, she was ordered to submit "a summary letter" by December 20, 2016. (*Id.* ¶ 15.) Fisher spoke with Igwe again after this, stating that although she feared the outcome of the adversary proceeding, she was told "[y]ou did a great job, have no worries, and that everything will be fine." (*Id.*)

Fisher alleges she awaited further instruction from Igwe. When he called on December 16, Fisher expressed her frustrations and said she was going to take a brief vacation, despite the pendency of her bankruptcy. (*Id.* ¶ 16.) Igwe told Fisher he would prepare "the summary letter"

by December 20, as requested by the court. Fisher states she was left with the impression that Igwe would notify her of his appearance in the matter. (*Id.* ¶ 17.)

When Fisher returned from vacation, she contacted Igwe about the case's status. The complaint states that Igwe did not return her calls, but also states that Fisher was reassured that she would be fine and that Jersey College would not prevail in the adversary proceeding. (*Id.* ¶ 18.) Whatever happened, Fisher states she had "noted the next Court date as January 4, 2017," but discovered on that date that she had missed the court date. (*Id.* ¶ 19.) It is not clear from the complaint whether the hearing took place on this date, but Fisher reached out to Igwe for advice on how to approach the hearing. Igwe advised she appear, that she would likely win, and if she lost he would "pursue an appeal and transfer the matter to the Pennsylvania courts." (Compl. ¶ 20.)

On January 26, 2017, Fisher received some documents informing her that judgment in the adversarial proceeding had been entered in favor of Jersey College. Fisher once again contacted Igwe; Igwe requested the documents; Fisher delivered them by hand, and heard no response for weeks. On February 8, 2017, Igwe stated that a security officer had misplaced the documents, and Fisher faxed in the documents again. She got a call that evening. Igwe told her he was unable to assist her with filing an appeal, which was due by January 24, 2017. The appeal *already* being late, Fisher searched for new attorneys, retaining the law firm of Long, Marmero & Associates, LLP. They filed a motion to extend the time to file an appeal on March 8, 2017. That was denied, and the judgment for $276,836.34 could not be appealed.

Fisher filed this suit in the Superior Court of the State of New Jersey, County of Camden, bringing claims of breach of contract (Count One), promissory estoppel (Count Two), and legal malpractice (Count Three) against Igwe and his law firm, the Igwe Firm, seeking $281,836.34 in damages, costs, and interest. After removing to federal court, Defendants have moved to dismiss

the complaint under Fed. R. Civ. P. 12(b)(6). Defendants' motion to dismiss addresses only Fisher's legal malpractice claim, and the Court will therefore only address that claim as well.

## II. JURISDICTION

This Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). The alleged basis for this Court's jurisdiction is under 28 U.S.C. § 1332, which provides for "diversity of citizenship" jurisdiction. A defendant removing under 28 U.S.C. § 1441 establishes diversity, and thus subject-matter, jurisdiction "when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000." *Arbaugh*, 546 U.S. at 514; § 1332(a). Absent diversity or federal-question jurisdiction, a court must remand the matter to state court. And when the decision to remand is a close one, district courts are encouraged to err on the side of remanding the case back to state court. *See Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1995) ("Because the lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand.") (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939)).

This Court has once before had occasion to doubt its jurisdiction in this case, noting that it ordered Defendants to establish the citizenship of the members of the Igwe Firm, P.C., an unincorporated association. "Unincorporated associations remain mere collections of individuals," and those individuals "are the parties whose citizenship determines the diversity jurisdiction of a federal court." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980). As such, we ordered the Igwe Firm to establish the citizenship of its members. (*See* Doc. No. 8.)

Defendants responded and now the citizenship of all parties is clear. Fisher has sued Emeka Igwe as well as the Igwe Firm more generally. Mr. Igwe is a citizen of Delaware, and the other two members of the Igwe Firm are citizens of Pennsylvania. Fisher, for her part, resides in New Jersey. As the adversaries are not citizens of the same states, the parties are therefore diverse under § 1332. Fisher's complaint also alleges that Igwe's failure to represent her in her bankruptcy proceedings precipitated damages of $276,836.34. She also paid him a $5,000 retainer fee to represent her. She claims total damages of $281,836.34, plus costs, interest, and attorneys' fees. (Compl. ¶ 37.) The removed complaint facially satisfies § 1332.

## III. THE 12(b)(6) STANDARD

When considering a motion to dismiss a complaint for failure to state a claim, Fed. R. Civ. P. 12(b)(6), the Court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the non-moving party. A motion to dismiss may be granted only if the plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests that make such a claim plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Although Rule 8 does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

In reviewing the sufficiency of a complaint, the Court must "tak[e] note of the elements [the] plaintiff must plead to state a claim. Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Connelly v. Lane Const. Corp.*, 809

5

F.3d 780, 787 (3d Cir. 2016) (alterations in original) (internal citations and quotation marks omitted).

## IV. DISCUSSION

### A. Legal Malpractice

To state a legally sufficient claim for legal malpractice, Fisher must plead (1) the existence of an attorney-client relationship creating a duty of care by the defendant attorney, (2) the breach of that duty by Defendants, and (3) proximate causation of the damages claimed by Fisher. *Jerista v. Murray*, 185 N.J. 175, 190–91 (2005). We assume, for purposes of this motion, that Fisher has adequately pleaded duty and breach, as Defendants' motion only challenges the third prong. They argue that Fisher failed to plead proximate causation of damages. We agree.

Legal malpractice is a tort, and "a tortfeasor is liable if his conduct was a substantial factor in bringing about the injuries, even where there are other intervening causes which were foreseeable or were normal incidents of the risk created." *Mahoney v. McDonnell*, 616 F. App'x 500, 505 (3d Cir. 2015) (citing *Komlodi v. Picciano*, 217 N.J. 387 (2014)) (internal quotation marks removed). *See also Froom v. Perel*, 377 N.J. Super. 298, 313 (App. Div. 2005) ("plaintiff must present evidence to support a finding that defendant's negligent conduct was a 'substantial factor' in bringing about plaintiff's injury, even though there may be other concurrent causes of the harm."). Put differently, proximate cause is "any cause which in the natural and continuous sequence, unbroken by an efficient intervening cause, produces the result complained of and without which the result would not have occurred." *Dawson v. Bunker Hill Plaza Associates*, 673 A.2d 847, 853 (N.J. Super. Ct. App. Div. 1996) (internal quotations and citation omitted). For example, "if a lawyer misses a statute of limitations and a complaint is dismissed for that reason,

a plaintiff must still establish that had the action been timely filed it would have resulted in a favorable recovery." *Conklin v. Hannoch Weisman*, 678 A.2d 1060, 1071 (N.J. 1996).

Defendants' motion to dismiss raises a great many allegations that are not within the four corners of Fisher's complaint, disputing the scope and nature of the facts alleged by Fisher. But even though Defendants' motion fails to direct its analysis at the sufficiency of the complaint, we nonetheless agree that Fisher has failed to establish a causal connection between Defendants' conduct and the damages she suffered. Nothing in the complaint indicates that the outcome of the bankruptcy proceedings would have been any different had Igwe entered an appearance, filed briefing, or challenged its disposition on appeal. Fisher has failed to plead any facts tending to show causation—indeed, the complaint pointedly avoids any reference to the merits of the underlying proceedings. Fisher's complaint has failed to plead that Igwe's engagement in the case would have resulted in a favorable recovery. She has therefore failed to state a claim for legal malpractice.

V. CONCLUSION

Defendant's motion is **GRANTED** as to the legal malpractice claim. An order follows.

Dated: March 14, 2018 /s Robert B. Kugler
ROBERT B. KUGLER
United States District Judge